UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| SHANNON B.[1], )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI, )<br>)<br>Defendant. ) | No. 4:22-cv-00027-KMB-SEB |

**ENTRY REVIEWING THE COMMISSIONER'S DECISION**

Plaintiff Shannon B. applied for both disability insurance benefits and supplemental security income from the Social Security Administration ("SSA") on December 19, 2013, alleging an onset date of August 15, 2013. [Dkt. 7-5 at 26, 32.] His applications were initially denied on February 24, 2014, [dkt. 7-4 at 12, 21], as well as upon reconsideration on April 16, 2014, [dkt. 7-4 at 40, 43]. Administrative Law Judge Dwight D. Wilkerson conducted a hearing on July 24, 2014. [Dkt. 7-2 at 37.] He issued a decision on October 10, 2014, concluding that Shannon was not entitled to receive disability insurance benefits or supplemental security income. [Dkt. 7-2 at 28.] The Appeals Council denied Shannon's request for review on March 8, 2015. [Dkt. 7-2 at 2.] On May 6, 2015, Shannon filed a civil action asking the Court to review the denial of benefits under 42 U.S.C. § 405(g). [Dkt. 7-9 at 25.] On September 1, 2016, the Magistrate Judge issued a report and recommendation that the District Judge reverse and remand the Commissioner's

---

[1] To protect the privacy interests of claimants for Social Security benefits, and consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first names and last initials of non-governmental parties in its Social Security judicial review opinions.

decision that Shannon was not entitled to disability insurance benefits, which was adopted on September 26, 2016. [Dkt. 7-9 at 19, 23.]

Shannon filed a separate application for benefits on July 25, 2015, which was denied initially on August 13, 2015, [dkt. 7-9 at 102-112], and upon reconsideration on October 19, 2015, [dkt. 7-9 at 113-125]. After conducting a hearing, Administrative Law Judge William C. Zuber issued a decision on October 5, 2016, concluding that Shannon was not entitled to receive disability insurance benefits. [Dkt. 7-9 at 96.] On March 21, 2017, the Appeals Council noted that the prior remand order from September 2016 and Shannon's claim from July 2015 addressed the same impairments and overlapped with respect to the timeframe in which disability is alleged. [Dkt. 7-9 at 48.] Therefore, the Appeals Council remanded and ordered that the July 2015 claims and the original claims remanded in September 2016 be consolidated. [Dkt. 7-9 at 50.]

Administrative Law Judge Wilkerson conducted a hearing for the consolidated claims on September 27, 2017. [Dkt. 7-8 at 104.] He issued a decision on December 11, 2017, concluding that Shannon was not entitled to disability benefits or supplemental security income. [Dkt. 7-9 at 67.] On August 14, 2018, the Appeals Council found the decision did not properly consolidate all of the evidence. [Dkt. 7-9 at 78-79.] Thus, the Appeals Council remanded to a new administrative law judge. [Dkt. 7-9 at 78-79.]

On October 23, 2019, Administrative Law Judge Steven Collins (the "ALJ") conducted a hearing on Shannon's claims. [Dkt. 7-8 at 46.] The ALJ issued a decision on January 30, 2020, concluding that Shannon was not entitled to disability benefits or supplemental security income. [Dkt. 7-8 at 34.] The Appeals Council denied review of the ALJ's decision on January 19, 2022, rendering the ALJ's decision for the Commissioner final. [Dkt. 7-8 at 2.] On April 18, 2022,

Shannon timely filed this civil action asking the Court to review the denial of benefits according to 42 U.S.C. § 405(g). [Dkt. 1.][2]

## I. STANDARD OF REVIEW

"The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1151 (2019). Disability is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018) (citing 42 U.S.C. § 423(d)(1)(A)).

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Stephens*, 888 F.3d at 327. "[S]ubstantial evidence" is "evidence that 'a reasonable mind might accept as adequate to support a conclusion.'" *Zoch v. Saul*, 981 F.3d 597, 601 (7th Cir. 2020) (quoting *Biestek*, 139 S. Ct. at 1154). "Although this Court reviews the record as a whole, it cannot substitute its own judgment for that of the SSA by reevaluating the facts, or reweighing the evidence to decide whether a claimant is in fact disabled." *Stephens*, 888 F.3d at 327. Reviewing courts also "do not decide questions of credibility, deferring instead to the ALJ's conclusions unless 'patently wrong.'" *Zoch*, 981 F.3d at 601 (quoting *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017)). "[E]ven under deferential standard of review for social security

---

[2] This case has a lengthy procedural history. The Parties did not attempt to outline the procedural history with citations to the record in their briefs. Instead, they cited the ALJ's decision from January 30, 2020, which the Commissioner says "sufficiently explains the somewhat complicated procedural history of this case." [Dkt. 11 at 1.] Accordingly, the Court was forced to expend additional judicial resources sifting through the record evidence to construct an outline of the relevant procedural history.

3

disability cases, an [ALJ] must provide a logical bridge between the evidence and [the] conclusions." *Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022) (internal quotations omitted).

The SSA applies a five-step evaluation to determine whether the claimant is disabled. *Stephens*, 888 F.3d at 327 (citing 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4)).[3] The ALJ must evaluate the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform [his] past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000), *as amended* (Dec. 13, 2000) (citations omitted). "If a claimant satisfies steps one, two, and three, [he] will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then [he] must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

After Step Three, but before Step Four, the ALJ must determine a claimant's residual functional capacity ("RFC") by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id*. The ALJ uses the RFC at Step Four to determine whether the claimant can perform his own past relevant work

---

[3] The Code of Federal Regulations contains separate, parallel sections concerning disability insurance benefits and SSI, which are identical in most respects. Cases may reference the section pertaining to disability insurance benefits, such as *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000), as amended (Dec. 13, 2000), which cites 20 C.F.R. § 404.1520. Generally, a verbatim section exists establishing the same legal point with both types of benefits. The Court will take care to detail any substantive differences that are applicable to the case.

and if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 404.1520(a)(4)(iv), (v).

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Stephens*, 888 F.3d at 327. When an ALJ's decision does not apply the correct legal standard, a remand for further proceedings is usually the appropriate remedy. *Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021). Typically, a remand is also appropriate when the decision is not supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005).

## II. RELEVANT BACKGROUND

Shannon was 46 years old at the time he applied for disability insurance benefits and supplemental security income. [Dkt. 7-5 at 26, 32.] Shannon has a high school education, and he previously worked as a material handler, assembler, hand packager, warehouse worker, and truck driver. [Dkt. 7-8 at 33.][4] The ALJ followed the five-step sequential evaluation set forth by the SSA in 20 C.F.R. § 404.1520(a)(4) and 20 C.F.R. § 416.920(a)(4) and concluded that Shannon was not disabled. [Dkt. 7-8 at 34.] Specifically, the ALJ found as follows:

- At Step One, Shannon had not engaged in substantial gainful activity[5] since August 15, 2013, the alleged onset date. [Dkt. 7-8 at 23.]

- At Step Two, Shannon had the following severe impairments: anxiety, depression, history of alcohol abuse in remission, mood disorder, dysthymic disorder, substance induced mood disorder, coronary artery disease status-post by-pass and grafting, diabetes, hypertension, hyperlipidemia, headaches, and degenerative disc disease. [Dkt. 7-8 at 23.]

---

[4] The relevant evidence of record is set forth in the Parties' briefs and need not be repeated here. Specific facts relevant to the Court's disposition of this case are discussed below.

[5] Substantial gainful activity is defined as work activity that is both substantial (*i.e.*, involves significant physical or mental activities) and gainful (*i.e.*, work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. § 404.1572(a).

5

- At Step Three, Shannon did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. [Dkt. 7-8 at 23.]

- After Step Three but before Step Four, Shannon had the RFC "to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he may occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs, but he may never climb ladders, ropes, or scaffolds. He must avoid concentrated exposure to pulmonary irritants and hazards such as dangerous machinery or unprotected heights. He is limited to simple and routine tasks and he can make simple work-related decisions. There should be few, if any, work place changes and his work should not have fast-paced production requirements. He can tolerate occasional and superficial contact with supervisors and coworkers but he may not perform tandem work. He may not have contact with the public." [Dkt. 7-8 at 25.]

- At Step Four, relying on the testimony of the vocational expert ("VE") and considering Shannon's RFC, Shannon was incapable of performing his past relevant work as a material handler, assembler, hand packager, warehouse worker, and truck driver. [Dkt. 7-8 at 33.]

- At Step Five, relying on the VE's testimony and considering Shannon's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that he could have performed through the date of the decision in representative occupations such as price marker, warehouse checker, and routine clerk. [Dkt. 7-8 at 33-34.]

### III. DISCUSSION

Shannon makes three assertions of error regarding the ALJ's decision, each of which the Court will consider in turn.

**A. Whether the ALJ adequately considered the disability determination from the Department of Veterans Affairs**

Shannon claims the ALJ erred by failing to consider all of the supporting evidence from an award of disability by the Department of Veterans Affairs (the "VA"). [Dkt. 9 at 12.] Shannon argues that, while the ALJ noted the VA's award, he dismissed it as "conclusory" and gave the decision "little weight." [Dkt. 9 at 13.] Shannon claims that the ALJ failed to discuss medical records that "precipitated the VA award and are evidence in the record." [Dkt. 9 at 13.] Shannon argues that these medical records support the VA's finding of disability and should have been "given weight" in the ALJ's decision. [Dkt. 9 at 13.]

6

In response, the Commissioner claims the ALJ reasonably considered the VA's award and assigned it little weight because the award letter contained no objective findings to support the decision. [Dkt. 11 at 11.] The Commissioner argues that the VA's award is non-binding under the regulations and that the ALJ's discussion of the evidence went beyond his obligations. [Dkt. 11 at 11.] Specifically, the Commissioner states that the ALJ cited VA treatment notes that precipitated the VA's award, but these notes were a small portion of the record evidence, and the ALJ explained that Shannon's impairments were not disabling in light of the entire record. [Dkt. 11 at 12.]

Shannon did not file a reply brief.

Current SSA regulations explain that "[o]ther governmental agencies … make disability … decisions for their own programs using their own rules." 20 C.F.R. § 404.1504. "Because a decision by any other governmental agency … is based on its rules, it is not binding on us and is not our decision about whether [a person is] disabled or blind under our rules." *Id.* For "claims filed … on or after March 27, 2017, we will not provide any analysis in our determination or decision about a decision made by any other governmental agency … about whether [a person is] disabled." *Id.* But "we will consider all of the supporting evidence underlying the other governmental agency … decision that we receive as evidence." *Id.*

Shannon argues that the ALJ failed to comply with this final provision—that the ALJ must consider supporting evidence underlying another agency's decision. However, Shannon applied for disability benefits before March 27, 2017, [dkt. 7-5 at 26, 32], and the version of 20 C.F.R. § 404.1504 applicable at that time provided only that "[a] decision by … any other governmental agency about whether [a person is] disabled or blind is based on its rules and is not our decision whether [a person is] disabled or blind." Accordingly, "[w]e must make a disability or blindness

7

determination based on social security law," and "a determination made by another agency that you are disabled or blind is not binding on us." 20 C.F.R. § 404.1504 (effective until March 27, 2017). Thus, the version of the regulation Shannon cites to support his claim that the ALJ failed to sufficiently consider the evidence underlying the VA's finding of disability became effective years after his claims were filed. It therefore cannot form the basis for a remand here.

Regardless, the Court agrees with the Commissioner that the ALJ reasonably considered the VA's award of disability. In addition to referencing and citing VA records throughout the decision, the ALJ considered the VA's finding of disability and gave a reasoned explanation why he did not find it persuasive: "[t]here is a VA record finding [Shannon] 'disabled due to depressive disorder' but the award does not describe any specific findings to support the conclusion. VA awards are not binding on the undersigned and while they may be persuasive in reaching a residual functional capacity assessment, they are not persuasive when they are conclusory with little supporting evidence. As such, the opinion is given little weight." [Dkt. 7-8 at 32.] Shannon's claim that the VA award "should be given weight" is a request for this Court to reweigh the evidence, which it will not do. *See Stephens*, 888 F.3d at 327. Thus, the Court concludes that Shannon has not met his burden to show reversible error on the point he raises in this section.

**B. Whether the ALJ failed to comply with a prior order from this Court**

Shannon claims that the ALJ failed to comply with a previous remand order from September 2016 that instructed the Commissioner to provide some explanation about a letter Shannon received from the SSA notifying him that he had been found disabled as of April 30, 2012, and met all the rules to be eligible for social security income as of June 2013. [Dkt. 9 at 14.] Shannon asserts that the ALJ "made no explanation" about the letter. [Dkt. 9 at 14.] Additionally,

8

Shannon argues there is "no evidence" in the record that the letter had ever been vacated. [Dkt. 9 at 14.]

In response, the Commissioner claims the ALJ did not violate the previous order directing the Commissioner to look into the SSA's letter to Shannon regarding his eligibility for SSI. [Dkt. 11 at 13.] The Commissioner argues that the ALJ in the December 2017 decision provided an explanation of the letter as requested by the prior order. [Dkt. 11 at 14.] The Commissioner also points out that Shannon does not contend the December 2017 explanation was erroneous or insufficient and argues that the current ALJ did not need to address the letter again. [Dkt. 11 at 14.]

Shannon did not file a reply brief.

The Court agrees with the Commissioner. In her Report and Recommendation from September 1, 2016, Magistrate Judge Debra McVicker Lynch stated that:

> [Shannon] provided to the ALJ at the hearing a document from the Social Security Administration dated July 17, 2013, notifying him that he had been found disabled as of 'April 30, 2012,' had met 'all the rules to be eligible for SSI as of June 2013,' but because his income was too high, he was not entitled to monthly payments at that point. The ALJ told [Shannon] he would look into this matter, but his decision makes no mention of this earlier finding of disability. Some explanation should be provided on remand.

[Dkt. 7-9 at 18 (internal citations omitted).] Shannon overlooks that, in the December 2017 decision, Administrative Law Judge Wilkerson specifically addressed the SSA's letter as required by the previous remand order. [Dkt. 7-9 at 55.] He stated:

> "[u]pon review of the file, it appears the letter was sent to the claimant in error as there is no corroborating medical evidence or opinion from DDS or otherwise to substantiate that he was evaluated and found disabled."

[Dkt. 7-9 at 55.] Ultimately, the Appeals Council remanded Administrative Law Judge Wilkerson's decision for failure to properly consolidate the record, but it did not make any findings about his analysis of the 2013 letter and/or whether it thought such analysis was deficient in any

9

way.  [Dkt. 7-9 at 78-79.]  Nor does Shannon argue that Administrative Law Judge Wilkerson's investigation into and analysis of the 2013 letter was deficient.  Rather, while he claims that the 2020 decision is silent on the matter, the Court finds that Administrative Law Judge Wilkerson's explanation was sufficient for purposes of complying with the prior remand order from 2016.  Thus, the Court concludes that Shannon has not shown reversible error on the points he raises in this section.

### C. Whether the RFC adequately addressed Shannon's mental limitations

Shannon argues in a cursory fashion that the ALJ failed to properly consider the impacts of his mental limitations when determining his RFC.  [Dkt. 9 at 14.]  Shannon claims it is "clear from the VE's testimony" that Shannon's mental limitations make him unemployable on a competitive basis.  [Dkt. 9 at 14-15.]  Thus, Shannon summarily concludes that the ALJ improperly failed to consider his mental deficits and how they impact his ability to work on a sustained basis.  [Dkt. 9 at 16.]

In response, the Commissioner argues that Shannon's argument on this issue is waived because it fails to provide citations to any evidence in support—specifically, Shannon cites no caselaw in this section of his brief and does not cite any evidence that he experienced problems staying on task.  [Dkt. 11 at 12.]  Should the Court address the merits of the argument, the Commissioner also defends the merits of the ALJ's opinion as adequately addressing Shannon's mental limitations.  [Dkt. 11 at 7-13.]

Shannon did not file a reply brief.

The Seventh Circuit has "repeatedly stated [i]t is not this [C]ourt's responsibility to research and construct the [P]arties' arguments." *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 397 (7th Cir. 2000) (citations and internal quotation marks omitted).  When "a party fails to develop

the factual basis of a claim … and, instead, merely draws and relies upon bare conclusions, the argument is deemed waived." *Id*; *see also Hernandez v. Cook County Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011) (finding "[i]t is well established under our precedents that 'skeletal' arguments may be properly treated as waived").

The Court concludes that Shannon's argument on this point was not adequately developed and, therefore, is waived. This is not a decision that the Court makes lightly; however, in this circumstance, it is warranted. Shannon argues that the ALJ failed to account for his mental limitations in the RFC but then does not cite a single piece of the medical record or any case law to support or develop that argument. Instead, counsel points solely to VE testimony from Shannon's hearing and then concludes without further support that "[i]t is clear from the VE's testimony a person who is off task and misses work for any reason, whether it is for depression, anxiety or anger issues, … is not going to be employable on a competitive basis" and that the "ALJ failed to take into account the effects of [Shannon's] emotional problems and how they would impact his ability to work on a sustained basis." [Dkt. 9 at 15-16.] This citation to the VE testimony alone is insufficient to show reversible error, and the Court will not research the lengthy medical record evidence to develop an argument for Shannon on this point. The Court's conclusion is further supported by Shannon's failure to file a reply brief responding to the Commissioner's waiver argument or the substantive arguments made by the Commissioner supporting the ALJ's decision on this point. Accordingly, the Court concludes that Shannon has waived this argument.

## IV. CONCLUSION

For the reasons detailed herein, the Court **AFFIRMS** the Commissioner's decision denying Shannon benefits from the alleged onset date through the date of the ALJ's decision. Final judgment shall issue accordingly.

**SO ORDERED.**

Date: 3/30/2023

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email